IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE DIXON, and ESTATE OF EMANUEL BURGARINO, <br><br>Plaintiffs, <br><br>v. <br><br>CAESARS ENTERTAINMENT CORP., CAESARS HOLDINGS, INC., CAESARS ENTERTAINMENT, INC., CAESARS ENTERTAINMENT OPERATING COMPANY, INC., VICI PROPERTIES INC., VICI PROPERTIES 1 LLC, HARRAH'S ILLINOIS LLC, HARRAH'S JOLIET LANDCO LLC, HARRAH'S ILLINOIS CORPORATION, and DES PLAINES DEVELOPMENT LIMITED PARTNERSHIP, <br><br>Defendants. | Case No. 1:21-cv-01673 <br><br>HON. MANISH SHAH <br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO DISMISS OR STRIKE THIRD-PARTY COMPLAINT
PURUSANT TO RULE 12(b)(6) AND RULE 14(a)(4)**

Plaintiffs Denise Dixon and the Estate of Emanuel Burgarino ("Plaintiffs"), by their attorneys, John E. Machulak, Machulak, Robertson & Sodos, S.C., and Jeffrey E. Crane, Law Office of Jeffrey E. Crane, LLC, respectfully moves this Court pursuant to Fed. R. Civ. P. Rule 12(b)(6) and Rule 14(a)(4) to dismiss or strike the Third-Party Complaint against Robert Watson ("Watson") filed by Third-Party Plaintiffs Caesars Entertainment Corp. n/k/a Caesars Holdings, Inc., Caesars Entertainment, Inc., Caesars Entertainment Operating Company, Inc. n/k/a CEOC, LLC, VICI Properties Inc., VICI Properties 1 LLC, Harrah's Illinois LLC, Harrah's Joliet LandCo LLC, and Des Plaines Development Limited Partnership (collectively "Harrah's Joliet" or "Defendants"), for failure to state a contribution claim and for improper impleader. As fully

explained in the Memorandum of Law in Support of Motion to Dismiss or Strike Third-Party Complaint filed contemporaneously with this motion, Harrah's Joliet's Third-Party Complaint fails to adequately plead a cause of action for contributory negligence, thereby necessitating that the Third-Party Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and/or stricken pursuant to Rule 14(a)(4).

Third-party defendant Watson indisputably is an intentional tortfeasor who fatally assaulted Emanuel Burgarino by stabbing him multiple times. Illinois law, specifically 735 ILCS 5/2-1117, does not allow a jury to compare Watson's intentional conduct with Defendants' negligence in determining who was at fault for Burgarino's death. *Hills v. Bridgeview Little League Ass'n*, 713 N.E.2d 616 (Ill. App. Ct. 1999). Contribution is not available as a matter of law in intentional tortfeasor cases. *See Gerill Corp. v. J.L. Hargrove Builders*, 538 N.E.2d 530, 542 (Ill. 1989); *Giordano v. Morgan*, 554 N.E.2d 810, 814 (Ill. App. Ct. 1990); *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir. 1991) (Illinois courts have recognized that tortfeasors are not entitled to contribution for intentional torts). Accordingly, Harrah's Joliet's Third-Party Complaint should be dismissed as a matter of law under Rule 12(b)(6) or stricken under Rule 14(a)(4).

Dated: April 26, 2022

Respectfully submitted,

**Plaintiffs Denise Dixon and the Estate of Emanuel Burgarino**

/s/ *Jeffrey E. Crane*
One of Their Attorneys

Jeffrey E. Crane
Law Office of Jeffrey E. Crane, LLC
1363 Shermer Road, Suite 222
Northbrook, Illinois 60062
*****************************
105 W. Madison Street, Suite 1500
Chicago, Illinois 60602
847-239-7239 (Telephone)
847-239-7202 (Facsimile)
jeff@jeffcranelaw.com


/s/ *John E. Machulak*
One of Their Attorneys

John E. Machulak
Machulak, Robertson & Sodos, S.C.
1733 North Farwell Avenue
Milwaukee, Wisconsin 53202
T: (414) 271-0760
F: (414) 271-6363
machulak@lawmessage.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, I electronically filed Plaintiffs' Motion to Dismiss or Strike Third-Party Complaint Pursuant to Rule 12(b)(6) and Rule 14(a)(4) with the Clerk of the Court via the CM/ECF system. Notice of this filing and the aforementioned document will be served on all parties via the Court's electronic filing system.

### DEFENDANTS' COUNSEL:

Frank P. Kasbohm
FEIEREISEL & KASBOHM, LLC
218 N. Jefferson
Suite 300
Chicago, IL 60661
fkasbohm@fkllc.net


/s/ *Jeffrey E. Crane*
Jeffrey E. Crane