UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE DIXON and ESTATE OF EMANUEL BURGARINO,<br><br>Plaintiffs,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORP., et al.,<br><br>Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>ROBERT WATSON,<br><br>Third-Party Defendant. | No. 21 CV 1673<br><br>Judge Manish S. Shah |

ORDER

Plaintiffs' motion to dismiss or strike the third-party complaint, [52], is granted. Defendants' contribution claim against Robert Watson is dismissed without prejudice. The motion to sever, [54], is denied as moot. A continued status hearing remains set for 9/8/22 at 10:30 a.m. The court will set a deadline for any amended third-party complaint against Watson at the next status hearing.

STATEMENT

Emanuel Burgarino died following an assault at Harrah's Hotel and Casino in Joliet, Illinois. According to police reports, Burgarino was robbed and fatally stabbed by Robert Watson. Alleging that the hotel failed to maintain enough security to prevent the attack, plaintiffs sue Harrah's for premises-liability negligence. Defendants filed a third-party complaint, alleging that, should they be found liable, they are entitled to contribution based on Watson's negligence. Under Rules 12(b)(6) and 14(a)(4), plaintiffs move to dismiss or strike the third-party complaint. Under Rules 14(a)(4) and 21, plaintiffs also move to sever the third-party complaint.

Under Rule 14, a defending party may serve a summons and complaint on a nonparty who is or may be liable to the defending party. Fed. R. Civ. P. 14(a)(1). Any party may then move to strike or sever the third-party claim, and "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only

delay or prejudice the disposition of the plaintiff's claim." Fed. R. Civ. P. 14(a)(4) advisory committee's notes to the 1963 amendment. A complaint must contain a short and plain statement that suggests a plausible right to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To survive a Rule 12(b)(6) motion, defendants must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). When assessing the third-party complaint, I accept defendants' well-pleaded factual allegations as true, and draw all reasonable inferences in their favor. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019) (citations omitted); *Iqbal*, 556 U.S. at 678.[1]

Emanuel Burgarino and his fiancée, plaintiff Denise Dixon, were guests at Harrah's Hotel and Casino. [42] ¶¶ 2, 19.[2] Burgarino was fatally assaulted in the hotel as he was returning to their room. *Id.* ¶¶ 21–22. According to police reports, third-party defendant Robert Watson stabbed Burgarino multiple times. *Id.* ¶ 22; *see* [43] ¶¶ 2, 5. The third-party complaint says that Watson owed a duty to pursue proper medical care for his mental afflictions and illnesses, which included hallucinations, delusions, and other symptoms. [43] ¶ 3. But Watson failed to maintain a regular relationship with a psychiatrist, take medications, or follow medical advice necessary to manage his symptoms. *Id.* ¶ 4. As a result, Watson suffered a psychotic break which contributed to cause plaintiffs' damages. *Id.* ¶ 5.

Plaintiffs argue that the third-party complaint should be dismissed because Illinois law doesn't allow contribution claims in cases involving intentional tortfeasors. [53] at 5–8.[3] Intentional tortfeasors cannot *seek* contribution under the

---

[1] Plaintiffs arguably cannot seek dismissal of a claim not asserted against them personally. *See Shultz v. Nomac Drilling, L.L.C.*, Case No. CIV-17-169-R, 2017 WL 2958621, at *2 n.3 (W.D. Ok. July 11, 2017) (quoting *E.E.O.C. v. Brooks Run Min. Co., LLC*, No. CIV.A. 5:08-cv-00071, 2008 WL 2543545, at *2 (S.D. W. Va. June 23, 2008) and gathering cases). Defendants do not raise this objection, but even if plaintiffs couldn't move to dismiss the third-party complaint under Rule 12(b)(6), federal courts have not drawn distinctions between motions to dismiss and motions to strike under Rule 14(a)(4). 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1460 (3d ed.). A third-party complaint that is without merit because it is inadequately pleaded is one that serves to delay or prejudice the disposition of the plaintiff's claim, and is subject to a motion to strike under Rule 14. *See* Fed. R. Civ. P. 14(a)(4) advisory committee's notes to the 1963 amendment.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the third-party complaint, [43], and from defendants' answer to the amended complaint. [42]. Disputes remain about some of the facts cited in defendants' answer. I include those facts— which aren't material to the resolution of the motions—to provide background for the case.

[3] The court has diversity jurisdiction under 28 U.S.C. § 1332. Dixon, who brings claims individually and as the representative of Burgarino's estate, is a citizen of Wisconsin. [19] ¶¶ 1–2, 54. Defendants are citizens of Delaware, Illinois, Maryland, and Nevada. *Id.* ¶¶ 3–

Joint Tortfeasor Contribution Act, 740 ILCS 100/2. *Gerill Corp. v. Jack L. Hargrove Builders, Inc.*, 128 Ill.2d 179, 206 (1989); *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir. 1991). But it's not clear whether that rule also bars negligent tortfeasors from seeking contribution from intentional tortfeasors,[4] which is what plaintiffs argue is happening here. *See* [53] at 5–8. Even if plaintiffs are right about the law, this isn't a reason to dismiss the third-party complaint now because Watson may not have committed an intentional tort. *See* [42] ¶¶ 22–23, 46 (defendants admitted that *police reports said* Watson stabbed Burgarino, but that's not the same thing as admitting that Watson committed an intentional tort).[5]

The Joint Tortfeasor Contribution Act provides that there is a right of contribution among two or more persons subject to liability in tort arising out of the same injury. 740 ILCS 100/2. To state a claim for negligence, defendants must allege the existence of a duty, Watson's breach of that duty, and that the breach proximately caused plaintiffs' injuries. *Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018) (citing *Mt. Zion State Bank & Tr. v. Consol. Commc'ns, Inc.*, 169 Ill.2d 110, 116 (1995)). In this case, plaintiffs argue that defendants haven't alleged either duty or proximate causation. *See* [53] at 8–10.

---

13. The amount in controversy exceeds $75,000. *Id.* ¶¶ 14, 54. Defendants didn't allege a jurisdictional basis for their third-party claim against Watson. *See* [43]; Fed. R. Civ. P. 8(a)(1). Because the contribution claim forms part of the same case or controversy with plaintiffs' claims, however, the court has supplemental jurisdiction over the third-party complaint. *See* 28 U.S.C. § 1367(a) ("[S]upplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."); *Harrington v. Berryhill*, 906 F.3d 561, 568 n.2 (7th Cir. 2018) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1298–1301 (7th Cir. 1995)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996) (quoting 3 James Wm. Moore, *Moore's Federal Practice* ¶ 14.26 (2d ed. 1996)) (when there are no claims asserted by the original plaintiffs against a third-party defendant, "the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]").

[4] *See Ziarko v. Soo Line R. Co.*, 161 Ill.2d 267, 271 (1994) (citations omitted) ("The rule prohibiting contribution among intentional tortfeasors was founded on the notion that an intentional tortfeasor, whose liability has arisen 'entirely [from the tortfeasor's] own deliberate wrong,' should not be afforded the equitable benefits of shifting a portion of that liability to another tortfeasor."); *Givens v. City of Chicago*, 451 Ill.Dec. 914, 926 (1st Dist. 2021), *appeal allowed*, 452 Ill.Dec. 43 (2022) (citations omitted) ("[A] plaintiff who is either negligent or recklessly willful and wanton can recover from a defendant who is intentionally willful and wanton, but the damages are *not* then subject to reduction based on comparative fault principles.").

[5] The parties dispute whether Watson's alleged insanity means that he couldn't commit an intentional tort. *See* [58] at 3–5; [60] at 5–7. Because defendants didn't admit that Watson committed an assault, however, I decline to address that disagreement.

3

Under Illinois law, there's a general duty of reasonable care to avoid hurting others. *Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 515 (7th Cir. 2010) (citing *Cuyler v. U.S.*, 362 F.3d 949, 953 (7th Cir. 2004) and Restatement (Second) of Torts § 314 cmt. D)). But that duty has its limits, *see Simpkins v. CSX Transp., Inc.*, 358 Ill.Dec. 613, 618 (2012), and courts consider four factors to decide whether a duty exists in a given case: (1) foreseeability of the injury; (2) likelihood of the injury; (3) magnitude of the burden of guarding against the injury; and (4) consequences of placing that burden on the defendant. *Vesely v. Armslist LLC*, 762 F.3d 661, 665 (7th Cir. 2014) (citing *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill.2d 351, 391 (2004)). The first factor—foreseeability—is a necessary condition for finding a duty, but the weight given to each factor depends on the circumstances. *Simpkins*, 358 Ill.Dec. at 618–19 (citing *Widlowski v. Durkee Foods*, 138 Ill.2d 369, 374–75 (1990)).

A person can owe a duty to manage a medical condition when it's foreseeable that failure to do so could cause harm. *See, e.g.*, *Krklus v. Stanley*, 359 Ill.App.3d 471, 482 (1st Dist. 2005) (a trial court appropriately instructed a jury on contributory negligence in a medical malpractice suit where a patient failed to follow a doctor's advice); *Ford-Sholebo v. U.S.*, 980 F.Supp.2d 917, 997–98 (N.D. Ill. 2013) (a patient's failure to take medication as prescribed was contributory negligence); *Burns v. Grezeka*, 155 Ill.App.3d 294, 299 (2d Dist. 1987) (driver could have been negligent for driving in an impaired state of health before a related medical emergency rendered him unconscious, leading to a collision); *Evans v. Brown*, 399 Ill.App.3d 238, 249 (4th Dist. 2010) (ignoring the symptoms of a heart attack before driving a car was potentially negligent); *see also* Restatement (Third) of Torts § 11(b) ("The conduct of an actor during a period of sudden incapacitation or loss of consciousness resulting from physical illness is negligent only if the sudden incapacitation or loss of consciousness was reasonably foreseeable to the actor."). *Cf. Grote v. Est. of Franklin*, 214 Ill.App.3d 261, 271–74 (2d Dist. 1991) (a driver without advance warning of a medical condition who suffered a sudden attack that rendered her unconscious wasn't negligent because the resulting accident was caused by "an Act of God").

According to the third-party complaint, Watson owed a duty to "pursue proper medical care for his mental afflictions and illness, which included hallucinations, delusions[,] and other symptoms." [43] ¶ 3. In contrast to those cases when a duty to manage a medical condition may have existed, however, the third-party complaint fails to allege how the injury in this case—an assault—was a foreseeable and likely consequence of Watson's failure to treat his conditions. *See* [43] ¶¶ 1–10. *Cf. Evans*, 399 Ill.App.3d at 249; *Burns*, 155 Ill.App.3d at 299. Defendants haven't alleged that Watson knew he had a mental illness, or was aware that a failure to treat that condition was likely to result in violence or injury to others. *See Simpkins*, 358 Ill.Dec. at 619 (citation omitted) (courts evaluate foreseeability "at the time defendant engaged in the allegedly negligent action"). The burden of guarding against injury may have been slight (pursuing treatment) and perhaps Watson was in the best

4

position to manage his conditions. But defendants haven't shown that an assault was foreseeable, which means they failed to plausibly allege that Watson owed them a duty. *See id.*[6]

Even assuming that a duty existed, defendants would still need to allege proximate causation. A proximate cause produces an injury through a natural and continuous sequence of events, unbroken by any effective intervening cause. *Johnson v. Wal-mart Stores, Inc.*, 588 F.3d 439, 441 (7th Cir. 2009) (quoting *Crumpton v. Walgreens Co.*, 375 Ill.App.3d 73, 79 (1st Dist. 2007)). To plead proximate cause, a plaintiff must allege facts that, when proven, establish both cause in fact and legal cause. *City of Chicago v. Beretta U.S.A Corp.*, 213 Ill.2d 351, 394–95 (2004). Cause in fact means that there's a reasonable certainty that a defendant's acts caused the injury, that the injury wouldn't have occurred absent the defendant's conduct, and (when there are multiple factors at play) that defendant's conduct was a material element and a substantial factor in bringing about the injury. *Id.* (quoting *Lee v. CTA*, 152 Ill.2d 432, 455 (1992)). Legal cause exists if the defendant's conduct is so closely tied to the injury that he should be held legally responsible for it, meaning that the injury is of a type that a reasonable person would see as a likely result of his conduct. *Id.* at 395 (citations omitted); *Turcios v. DeBruler Co.*, 392 Ill.Dec. 541, 548–49 (2015) (citations omitted).

The third-party complaint doesn't plausibly allege that a continuous sequence of events led from Watson's failure to manage his illness to the assault. *See* [43] ¶ 5. The complaint alleges (in conclusory fashion) that "as a direct and proximate result" of Watson's negligence, he suffered a "psychotic break which contributed to cause any damages plaintiffs may recover." *Id.* As for cause in fact, the complaint doesn't show that the assault wouldn't have occurred absent Watson's alleged negligence, or that Watson's failure to manage his condition was a material element and substantial factor in causing the assault. *See id.* Defendants haven't alleged anything about how Watson's negligence was a legal cause of the injury, either, because there are no allegations explaining how an assault was a foreseeable, likely consequence of Watson's failure to treat his illness. *See Beretta USA Corp.*, 213 Ill.2d at 395 (citation omitted). While mental illness is often a factor in crime, not all unmanaged mental health problems result in assault, and defendants haven't explained why violence was a likely outcome in Watson's case. The third-party complaint alleges neither cause in fact nor legal cause, which means that defendants' basis for contribution—

---

[6] Conclusory allegations are not entirely barred from federal pleadings. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084–85 (7th Cir. 2008) (discussing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). Yet while barebones allegations may suffice to state a claim for negligence in cases involving simple fact patterns, *see Twombly*, 550 U.S. at 565 n.10, the theory of negligence here is complex, and defendants must plead sufficient facts—beyond a general recitation of the elements—to raise the right to relief above a speculative level. *Tamayo*, 526 F.3d at 1084 (quoting *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

5

negligence—also fails for lack of proximate causation. *See Turcios*, 392 Ill.Dec. at 548 (citing *Lee*, 152 Ill.2d at 455).

The third-party complaint is dismissed without prejudice, and defendants have permission to replead a claim against Watson. Plaintiffs' motion to sever, [54], is moot. If defendants successfully plead a contribution claim against Watson, plaintiffs may again move to sever under Rule 14, at which time I will decide the most efficient way to try the issues, including the possibility of bifurcating proceedings.

ENTER:

Date: August 17, 2022

_____
Manish S. Shah
U.S. District Judge